UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR BERNARD PERKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTY C. ANDERSON, Warden,<br><br>　　　　Defendant. | Civil No. 06-4021 (PAM/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is an inmate at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). According to Plaintiff's complaint, he is not currently serving any federal prison sentence, but rather he is a "civilly committed detainee under 18 U.S.C. 4246."[1]

---

[1] 18 U.S.C. § 4246(a) provides that –

"If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his

(Complaint, [Docket No. 1], p. 2, § II.D.)  As far as the Court can tell, Plaintiff has previously been granted a conditional discharge from his civil commitment, (apparently on more than one occasion), but his conditional discharge is currently revoked, and he has therefore been returned to custody.  It appears that Plaintiff will continue to be detained, indefinitely, until there is a judicial determination that he no longer poses a substantial risk of harm to people or property.[2]

The substantive allegations of Plaintiff's current complaint, repeated verbatim and in their entirety, are as follows:

> "The Fourth Circuit Court of Appeals opined in case action 00-4540 Perkins v. USA on April 27, 2001 that a simple failure to comply with conditions of conditional release was insufficient to revoke that status.[3]  Respondent

---

release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined.  The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment.  The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."

[2]  See 18 U.S.C. § 4246(e) ("When the director of the facility in which a person is hospitalized pursuant to subsection (d) determines that the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment....  The court shall order the discharge of the person or, on the motion of the attorney for the Government or on its own motion, shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine whether he should be released.").

[3]  Plaintiff apparently is referring to United States v. Perkins, 8 Fed.Appx. 191 (4th Cir. 2001).  However, it appears that he has mischaracterized the holding of that case.  The

violated and wrongfully imprisoned Petitioner for a failure to comply in which he refused to participate in drug rehabilitation program!"

(Complaint, p. 3, § IV, ["Statement of Claim"].)

The "Relief" section of the complaint indicates that –

"Petitioner seeks that the District Court award him 1200 dollars per day in compensatory damages and double this amount in punitive damages for a wrongful violation and a wrongful imprisonment of over 20 months presently being served by the petitioner."

(Id., p. 4, § V, ["Relief"].)

Giving Plaintiff's meager complaint the benefit of liberal construction, the Court understands Plaintiff to be claiming that his conditional discharge from a § 4246 civil commitment was wrongly revoked approximately 20 months ago. Plaintiff seems to be contending that the revocation of his conditional discharge was based solely on his refusal to participate in a drug rehabilitation program, which, according to Plaintiff, is not a legally sufficient justification for such revocation.

---

Fourth Circuit Court of Appeals did not hold that "failure to comply with conditions of conditional release was insufficient to revoke that status." Rather, the Court held that the revocation of Plaintiff's conditional discharge was erroneously based upon unreliable hearsay evidence. Id. at 193-94. Plaintiff's discharge revocation proceeding was then remanded to the trial court, (in the Eastern District of North Carolina), for further consideration of whether Plaintiff's conditional discharge should be revoked. On remand, the trial court evidently determined that Plaintiff's discharge should not be revoked, (at that time). See Perkins v. United States, No. 5:01-HC-509-BR (E.D.N.C. 2001), 2001 WL 34704518 at * 1 (noting that "[i]nstead of holding a new hearing" on whether Plaintiff's conditional discharge should be revoked, "this court released Petitioner pursuant to the Government's motion of improved mental condition").

The reported decisions regarding Plaintiff's 2001 discharge revocation proceedings suggest that he is not currently confined pursuant to those proceedings, but pursuant to some other later proceedings. Plaintiff apparently has cited the Fourth Circuit's decision in the earlier (2001) proceedings only as caselaw authority that purportedly supports the legal theory on which his current claims are based.

3

For reasons that are not explained, (and are not fathomable by the Court), Plaintiff wants the Warden at FMC-Rochester, Defendant Marty C. Anderson, to be held liable for the allegedly wrongful revocation of his conditional discharge. Plaintiff is seeking a judgment against Defendant Anderson, which would award Plaintiff compensatory and punitive damages for the time he has been in custody as a result of the allegedly wrongful revocation of his conditional discharge.

## II.  DISCUSSION

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

In this case, Plaintiff has failed to state a cause of action on which relief can be granted, because his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court reaffirmed that a person who is being held in custody cannot challenge the fact or duration of his confinement in a civil rights action. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Even when a plaintiff in custody is not directly challenging the fact or duration of his imprisonment, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. See also Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) (Heck bars civil actions that implicitly challenge the validity of the plaintiff's confinement, "even if the claim is for damages rather than earlier release").

Here, a judgment in Plaintiff's favor on his current claims for relief obviously would cast doubt on the validity of his current confinement. Indeed, Plaintiff's sole reason for seeking damages is to compensate him, (and punish Defendant), for his allegedly wrongful

4

confinement at FMC-Rochester.  Plaintiff's claims for relief cannot possibly be upheld, unless his current confinement is found to be improper.  Simply put, a judgment for Plaintiff would necessarily imply that his confinement is invalid.

According to Heck, however, a person who is being held in custody cannot seek a judgment for money damages if that judgment would require a finding that his detention is not legally valid.  The claimant must first seek and obtain a separate judgment, in a proper forum, that expressly invalidates his detention.[4]  Because Plaintiff has not previously established that he is, in fact, unlawfully confined, he cannot presently sue the Warden at FMC-Rochester for damages resulting from his confinement.  See Schafer v. Moore, 46 F3.d 43, 45 (8th Cir. 1995) (inmate claiming that he was wrongly denied release on parole could not sue for damages without first seeking and obtaining relief from his confinement in a separate action); Brown v. Barton, No. Civ.A.1:05CV434LGRHW, (S.D.Miss. 2006), 2006 WL 82827 at *2 (inmate's claim for damages based on the allegedly illegal revocation of his supervised release was barred by Heck, because "[i]f the Court were to find in the plaintiff's favor and determine that his post release supervision was illegally revoked, it would necessarily imply the invalidity of his current sentence and imprisonment"); Bradley v. Department of Corrections, No. 7:05 CV 00499, (W.D.Va. 2005), 2005 WL 2010163 at *2 (inmate's claim for damages for allegedly wrongful revocation of supervised release

---

[4] It appears that the proper forum for challenging the revocation of Plaintiff's conditional discharge would be the trial court that ordered Plaintiff's civil commitment in the first place. However, the paucity of factual allegations in Plaintiff's complaint precludes the Court from reaching any firm conclusions about what, if any, legal remedies may be available to Plaintiff for challenging the revocation of his conditional discharge. It can only be said for sure that he cannot challenge his current confinement in a civil suit for damages such as this one.

5

dismissed pursuant to Heck, because inmate "offer[ed] no indication that his supervised release revocation ha[d] been rendered invalid by a state or federal court decision"); Ambrose v. Schultz, No. CIV 04-4095, (D.S.D. 2006), 2006 WL 211828 at *2 ("claim for damages resulting from allegedly unconstitutional revocation of [inmate's] release on supervised suspended sentence" must be dismissed pursuant to Heck, because a judgment in his favor would necessarily imply the invalidity of his confinement).

In sum, Plaintiff's current claims for relief are barred by Heck v. Humphrey, because a judgment in his favor on those claims would necessarily imply that his current confinement is not legally valid. Because Plaintiff's claims are barred by Heck, he has failed to state a cause of action on which relief can be granted. It follows that Plaintiff's IFP application must be denied, and this action must be summarily dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[5]

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be denied; and

2. This action be summarily dismissed without prejudice pursuant to 28 U.S.C. §

---

[5] Actions that are dismissed pursuant to Heck must be dismissed without prejudice, so that the plaintiff's claims can be brought again, (in a new action), if he is able to establish, in a proper forum, that his confinement was, in fact, illegal. Schafer, 46 F.3d at 45.

1915(e)(2)(B)(ii).

Dated: October 12, 2006

                                                         s/ *Franklin L. Noel*
                                                         FRANKLIN L. NOEL
                                                         United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 31, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.