UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor Bernard Perkins,                                     Civil No. 06-4021 (PAM/FLN)

                Plaintiff,

v.                                                          **MEMORANDUM AND ORDER**

Marty C. Anderson,

                Defendant.

This matter is before the Court on Plaintiff's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Franklin L. Noel, dated October 12, 2006. The R&R recommended that the Court summarily dismiss the Complaint and deny the Application to Proceed In Forma Pauperis (IFP). Plaintiff filed Objections to the R&R on October 25, 2006, and amended the Objections on October 26, 2006. Based on the record and Plaintiff's Objections, the Court adopts the R&R and dismisses this action without prejudice.

**BACKGROUND**

Plaintiff is a civil detainee at the Federal Medical Center in Rochester, Minnesota, committed under 18 U.S.C. § 4246. According to the Complaint, Plaintiff was conditionally discharged from civil commitment at some point. The discharge was revoked, however, when he failed to comply with a drug rehabilitation program, and he was returned to custody. In this action, Plaintiff alleges he is being wrongfully imprisoned. He is suing Defendant, the Warden at the Federal Medical Center, for monetary damages under 42 U.S.C. § 1983.

In the R&R, the Magistrate Judge found that Plaintiff failed to state a cause of action on which relief could be granted because his claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Specifically, Plaintiff's claim for monetary damages resulting from his confinement cannot be granted without necessarily implying the invalidity of his confinement. The Magistrate Judge therefore recommended summary dismissal of the action. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**DISCUSSION**

Plaintiff objects to the R&R on two grounds. First, he complains that he is prevented from filing a habeas petition, which entitles him to bring a § 1983 action instead. Second, Plaintiff alleges that a district court in the Eastern District of North Carolina revoked his discharge in contravention of a mandate by the Fourth Circuit Court of Appeals.

In addressing the R&R and Plaintiff's Objections, the Court will review the record de novo. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In so doing, the Court finds that neither of Plaintiff's Objections affects the recommendation of the Magistrate Judge. A prisoner does not have the option to bring a § 1983 claim as a substitute for a precluded habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Additionally, if Plaintiff wants to challenge the decision of a trial court in another district, his course of action is not to file a § 1983 complaint here.

The Court agrees with the Magistrate Judge that Plaintiff has not stated a claim upon which relief can be granted. Plaintiff's claim for monetary damages, if successful, would

necessarily imply the invalidity of his confinement.  Heck prohibits such a result.  512 U.S. at 481-83, 486-87; see Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

**CONCLUSION**

The R&R correctly recommended dismissing this case without prejudice because Plaintiff has failed to state a claim on which relief can be granted.  Because the Court summarily dismisses the Complaint under § 1915(e)(2)(B)(ii), the Court denies Plaintiff's IFP application as moot.  Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 3) is **ADOPTED**;

2. Plaintiff's Objections (Docket Nos. 4, 5) are **OVERRULED**;

3. Plaintiff's Application to Proceed IFP (Docket No. 2) is **DENIED as moot**;

4. Plaintiff's Motion for Summary Judgment (Docket No. 6) is **DENIED**; and

5. This action is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 21, 2006

                                          s/ Paul A. Magnuson
                                          Paul A. Magnuson
                                          United States District Court Judge